East'n District.
*Dec.* 1823.

CRAWFORD
*vs.*
LOUISIANA
STATE BANK.

---

### EVANS & AL. vs. GRAY & AL.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action was commenced on a promissory note of the defendants, executed in the usual form. Payment is resisted, on the ground that there was a want, and failure of the consideration for which it was given.

When this case was formerly before the court, we decided that this plea was properly

When the interest of a witness appears by the instrument, on which the suit is brought, he cannot do away his incompetency, by his own declaration.

offered. · Now that the cause is presented on its merits, our only inquiry is, whether the defence set up has been established by legal proof.

In support of the allegations contained in their answer, the defendants endeavored to shew, that the consideration of the note sued on was a steam engine sold to them by the plaintiffs. The only testimony on this head is contained in the deposition of one Anderson, which, though it comes up in the record, was not read on the trial below, as an objection to its introduction was taken, and sustained, on the ground that the witness was incompetent. Whether the declaration, if received, would establish the fact for which it is offered, is very doubtful to our minds; for the witness goes no further than to say that *it is possible* the note was given for the balance due on the price of an engine. We deem it, however, useless to go into the inquiry; as we are satisfied the judge below decided correctly, in refusing the defendant permission to read the deposition offered.

The witness appears to have been one of those who signed the obligation on which this action is brought; and he was made a defendant.

West'n District
*Sept.* 1823.

EVANS & AL.
*vs.*
GRAY & AL.

His co-defendants, aware of the objection which existed to his testifying in this case, endeavored to remove it; and in an interrogatory annexed to the commi sion, under the authority of which his testimony was taken, they asked him, who were the owners of the steam boat at the time the suit was commenced?—whether the witness had any interest in her?—and, if he had, was it released?—and, if so, when, or how? To which he answered, that he conveyed to the defendants, in the summer of 1821, all his right, title and interest in the Fayette steam boat, and received from them a complete guaranty against all claims that might hereafter arise, or that previously existed against him, in consequence of the interest which he had held in common with them in the boat.

The question is, whether this sufficiently establishes his competence? The general doctrine is, that where the objection relied on, is drawn from the witness, by the examination of the opposite party, that it may be removed by the same means it is created; and that the witness may testify by other facts, which will do that objection away, even by the contents of a written release. There is, perhaps, good

*where*

*apprised*

*Competent*

sense in such a rule : For if the person testify-ing, is honest enough to state the objection, he may be confided in to explain how it has ceas-ed. And it is, at all events, a very convenient one in the administration of justice. For the objection may come unawares, and no oppor-tunity be afforded to prepare written or other evidence to rebut it. But ~~when~~ the intent in the witness is established by evidence, *aliunde,* and particularly in such a case as this, by the very instrument on which suit is brought, and the party was ~~appointed~~ months before the tes-timony was taken or the trial gone into, that the objection would be made, we think it would be contrary to principle, and quite un-safe in practice, to permit a witness who was *prima facie* incompetent, to do away that in-competence by his own declaration. There is just as much danger to permit him to testify to that fact as to any other in the cause. And if he can be relied on to tell the truth, whether he has been released or not, he may be as safely depended on to give evidence in chief, without inquiring of him if he be ~~confiden~~. *Phillips on Evidence, ed.* 1820. 102. 4 *Sergeant & Rawle,* 298.

The connexion between the note sued on and

the steam engine not being established, it is un necessary to go into the various other questions raised in argument ; and

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Livermore* for the plaintiffs, *Maybin* for the defendants.